IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | NO. 3:23-CV-1385 |
| v. | | |
| $83,490.00 IN U.S. CURRENCY, $55,229.00 IN U.S. CURRENCY, $10,439.00 IN U.S. CURRENCY | | |
| *Defendant in Rem*. | | |

## UNITED STATES' COMPLAINT FOR FORFEITURE

The United States of America files this verified complaint *in rem* against the

("Defendant Property") as described in Section II., and in support states:

### I.    JURISDICTION AND VENUE

1.    This court has subject matter jurisdiction of this cause of action *in rem* by

virtue of the provisions of 28 U.S.C. §§ 1345 and 1355(a).  Venue is proper under 28

U.S.C. § 1355(b)(1) and 28 U.S.C. § 1395(b).

2.    The statutory basis for this suit is 18 U.S.C. § 981(a)(1)(A), 18 U.S.C. §

981(a)(1)(C), 21 U.S.C. § 881(a)(6).  Also applicable are 28 U.S.C. §§ 2461 and 2465, 18

U.S.C. §§ 983 and 985, and Supplemental Rule G, Federal Rules Civil Procedure

Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

### II.    DEFENDANT PROPERTY

3.    The Defendant Property is comprised of $83,490.00 in U.S. Currency,

$55,229.00 in U.S. Currency, and $10,439.00 in U.S. Currency seized on or about April

29, 2022, by Internal Revenue Service, Criminal Investigation.[1] (collectively "Defendant Property")

4. The Defendant Property is currently in the custody and management of the Internal Revenue, Criminal Investigation in the Northern District of Texas and deposited into an account owned by the United States Finance Center.

### III.    POTENTIAL CLAIMANTS TO DEFENDANT PROPERTY

5. The action in rem is filed in the United States District Court, pursuant to the provisions of 18 U.S.C. § 983(a)(3)(A), because an administrative claim was submitted to the Internal Revenue Service, Criminal Investigation on June 29, 2022 and July 1, 2022. Notice of this Complaint will be sent to the following potential claimants:

Cassie Ganesh Shree
c/o Michael Villa & Cari B. LaSala
Meadows, Collier, Reed, Crouch, Ungerman, LLP
901 Main Street, Suite 1370
Dallas, TX 75202

Cassie Ganesh Shree
9646 Douglas Avenue
Dallas, Tx 75225

Dhanesh Ganesh
10241 Leatherwood Drive
Ft Worth, TX 76108

Rajmattie Ganesh
1620 Fair Oaks Ct
Westlake, TX 76262

### IV.    STATUTORY BASIS

6. The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. §

---

[1] A small portion of the seized funds have separately been set aside for evidence.

981(a)(1)(A) because the property was involved in, or traceable to property involved in money laundering, or conspiracy to do so, in violation of 18 U.S.C. § 1956 and/or 18 U.S.C. § 1957.

7.     The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it represents money furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, or money used or intended to be used to facilitate any violation of Title 21.

8.     The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it represents proceeds of 21 U.S.C. § 846 Conspiracy and/or subject to forfeiture under 21 U.S.C. § 881(a) as involved in/facilitating property of 21 U.S.C. § 846 Conspiracy.

9.     The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. 981(a)(1)(C) because the property was proceeds traceable to racketeering, in violation of 18 U.S.C. § 952.

## V.     FACTS SUPPORTING FORFEITURE

10.  Dhanesh Ganesh operates the cash intensive business Tequila Restaurant and Bar located at 2620 Walnut Hill Lane Dallas, TX 75220. Cassie Ganesh Shree operates various apparel businesses located at 9734 Abernathy Avenue Dallas, TX 75220.

11.     On April 29, 2022, Internal Revenue Service-Criminal Investigation Special Agents executed search warrants for 9734 Abernathy Avenue and 2620 Walnut Hill Lane. In the course of executing the warrant at 2620 Walnut Hill Lane, agents identified evidence of drug-trafficking and money laundering. DEA obtained a federal

search warrant to search 2620 Walnut Hill Lane for violations of 21 U.S.C. §§

841(a)(1) and 846 (Possession with Intent to Distribute Controlled Substances and

Conspiracy to Possess with Intent to Distribute Controlled Substances) and 18 U.S.C.

§ 1956 and 1956(h) (Money Laundering and Conspiracy to Commit Money

Laundering) committed by Dhanesh Ganesh and others known and unknown.

12.      In the course of executing the warrant at 9734 Abernathy Avenue, agents

located five plastic grocery bags of cash totaling $55,357. The cash was in the top

drawer of two filing cabinets in Cassie Ganesh's office next to her desk. The cash

inside the plastic bags was  wrapped in paper towels in various denominations. The

paper towels had writing on each bundle of cash indicating the denominations inside,

date received and a signature of the person that wrapped the cash. Each wrapping of

cash in the paper towels per day were rubber banded together in varying number of

stacks.

13.      Also, in Cassie Ganesh's office, a sentry safe was located on the floor

underneath a couch. The safe was black key entry style safe approximately 15 inches

long, 12 inches wide, and 8 inches tall.  Inside the safe agents found $84,000 in cash

and the following:

        a.   Empty plastic grocery bags

        b.   Paper towels

        c.   A sandwich bag of rubber bands

        d.   Empty Chase bank cash envelopes

        e.   A stack of $20 dollar bills rubber banded with JP Morgan Chase

withdrawal receipts dated April 2022 for account ending 1015 and handwritten notes indicating amounts to "Mom", "Soph", "Danny"

f.   Handwritten notes on a blank receipt with "Gave Cassie +30 +7K on Thursday 11/18/21 towards Dan's Personal"

g.   Nineteen stacks rubber banded cash primarily consisting of $100 bills rubber banded again into three larger stacks.

 

14.   Also, during the execution of the search warrant, $10,439 in cash was found in a White Lexus SUV. The vehicle is registered to Dhanesh Ganesh's ex-spouse, Rajmattie Ganesh. Dhanesh Ganesh has been seen driving the vehicle on multiple occasions prior to switching primary vehicles to a Toyota Tacoma sometime after June 15, 2021.

15.   The cash was located inside a plastic grocery bag  wrapped in paper towels in various denominations. The paper towels had writing on each bundle of cash indicating the denominations inside, date received and a signature of the person that wrapped the cash similar to the cash found inside the cabinet in Cassie Ganesh's office.

16.     The wrappings of cash in paper towels with similar writing described above were also found at 2620 Walnut Hill Lane in the center console of Dhanesh Ganesh's vehicle, Toyota Tacoma, and in the kitchen.



17.     The plastic grocery bags of cash in the kitchen were found in an ice maker motor along with:

a.   Three sandwich-bag sized plastic bags containing a white substance that appeared to be cocaine. The DEA conducted a field test on the white substance and confirmed all three bags were cocaine.  Later, DEA South Central Drug Laboratory confirmed the substance to be 97.2 grams of cocaine.

b.   Small plastic baggies, commonly utilized to package user amounts of illicit drugs, including cocaine.

c.   Digital scale that is commonly used by drug traffickers to weigh narcotics, including cocaine.

d.   Eight small stacks of rubber banded cash in various denominations

rubber banded again into one large stack.

 

18.     After being advised of her rights on April 29th, 2020, Cassie Ganesh was interviewed by Federal Agents, and she made the following statements:

    a. Her businesses, Demerara and Expert Apparel Manufacturing, have operated mostly online. The income from the businesses is received primarily through credit cards sales and online merchants such as PayPal.

    b. She has not received any cash in connection with her businesses since the Demerara storefront closed sometime in 2020.

    c. All cash deposited into her personal and business bank accounts is given to her by her father, Dhanesh Ganesh.

    d. After agents founds the plastic grocery bags of cash and the safe in her office , she stated the cash was not hers and she does not have a

key for the safe or the filing cabinet in her office. She stated her dad

comes to the warehouse and drops off cash in her warehouse.

19.     After being advised of his rights on April 29th, 2020, Dhanesh Ganesh was

interviewed by Federal Agents. Federal Agents presented him with bags of white

powdery substance found in his business. Dhanesh Ganesh admitted that the substance

was cocaine and claimed ownership of it by stating "It's my shit man" and "It should be

cocaine."

20.     Dhanesh Ganesh made an agreement with an unknown co-conspirator that

goes by the name "Juice" to distribute a controlled substance at his business Tequila

Restaurant and Bar.  Juice sells Dhanesh Ganesh $2,000 worth of cocaine every 3

months. Juice cuts the cocaine with Inositol and bags it into individual red baggies to be

sold at the bar.

21.     Dhanesh Ganesh makes $4,000 every 3 months from the sale of cocaine.

Dhanesh Ganesh made an agreement with at least 2 employees of Tequila Restaurant and

Bar that go by the name "Reyna" and "Flaca" to split the proceeds of the sale of cocaine.

Dhanesh Ganesh gives the baggies to Reyna and Flaca to sell for $20 each to customers at

the bar. The employees keep 25% of the proceeds while Dhanesh Ganesh profits the

remaining 75%.

22.     Text message exchanges found on Dhanesh Ganesh's phone between him,

and his employee Reyna were reviewed. Reyna consistently asks for and updates

Dhanesh Ganesh on the number of "chico" and "grande" tacos she has at the bar.

23.     The paper towels with handwritten notes that were found with the cash in

plastic bags were reviewed. The notes on the paper towels include a number of "chicos" and "grandes" sold. The total of "chicos" are divisible by $15 and the total of "grandes" are divisible by $40.




     24.     Dhanesh Ganesh's 75% proceeds of a small bag of cocaine sold at $20 is $15. The paper towels found wrapped in cash are believed to detail the quantity of cocaine sold and the amount Dhanesh Ganesh receives from the sale.

25.     A total of 2,436 paper towels were analyzed for the "chico" and "grande" numbers and summarized in the chart below.

|  | Chicos | Grandes | Total |
|---|---|---|---|
| **Quantity sold** | 16852 | 7428 | 24280 |
| **Dan's Cut @15, 40** | $ 252,780.00 | $ 297,120.00 | $ 549,900.00 |
| **Employee Cut @5, 10** | $ 84,260.00 | $ 74,280.00 | $ 158,540.00 |
| **Total Dollar** | $ 337,040.00 | $ 371,400.00 | $ 708,440.00 |

Dhanesh Ganesh has been able to conceal illegal proceeds by comingling his cash from cocaine sales with cash earned at his bar. Dhanesh Ganesh further conceals a significant amount of his proceeds using his daughter, Cassie Ganesh Shree, and her apparel businesses to store cash and structure cash deposits into her business bank accounts.

26.     Due to the totality of the circumstances to include but not limited to: the statements made by Dhanesh Ganesh regarding the amounts of cocaine purchased, the statements made by Dhanesh Ganesh regarding his profits made from the amount of cocaine sold, the analysis conducted regarding the approximate total dollar amount made from the sale of "chicos" and "grandes", and the seizure of cocaine and packaging materials located during the execution of the search warrant at 2620 Walnut Hill Lane, Dallas, Texas, your affiant believes the estimated total amount of cocaine purchased/sold by Dhanesh Ganesh to be approximately 8.6 kilograms.

## VI.    RELIEF SOUGHT

THEREFORE, the United States requests the following:

A.      Publication of notice of this forfeiture action be made by posting notice on the official government internet site, www.forfeiture.gov, for at least 30 consecutive days, in accordance with Supplemental Rule G(4)(a)-(5).

B.      Direct notice of this forfeiture action be given to those persons who reasonably appear to be potential claimants in accordance with Supplemental Rule G(4)(b)-(5).

C.      In order to avoid forfeiture of the Defendant Property, all persons having any interest in or right against the defendant property be advised by the public notice or the direct notice to timely file in this court a verified claim identifying the interest or right to the defendant property as required by Supplemental Rule G(5)(a) and 18 U.S.C. § 983(a)(4)(A); and to file an answer to this Complaint for Forfeiture or motion under Fed. R. Civ. P. 12 in the manner required by the Supplemental Rule G(5)(b) and 18 U.S.C. § 983(a)(4)(B).  Further, any person filing a verified claim of interest or right and/or an answer shall serve a copy on Dimitri N. Rocha, Assistant United States Attorney, 1100 Commerce Street, Suite 300, Dallas, Texas 75242.

E.      Pursuant to Rule G(5)(a), the claim must (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property, and (C) be signed by the claimant under penalty of perjury.  Any person who asserts an interest in the Defendant Property must filed a verified claim within 35 days after the date the notice is sent if the notice is delivered by mail, or within 35 days of the date of

delivery if the notice is personally served and not sent by mail.

D.      Any person who files a verified claim must then file an answer to the complaint or a motion under Rule 12 within 21 days after filing the verified claim.

E.      At the conclusion of this proceeding, the defendant property be condemned by order and judgment of this court and declared and decreed to be forfeited to the United States of America in accordance with law.

F.      All costs and expenses incurred by the United States in obtaining the forfeiture of the defendant property be appropriately taxed against any person or entity who may file a verified claim and answer herein, and/or if more than one person or entity files a verified claim and answer herein be jointly taxed and prorated among them, as the court deems just and equitable.

G.      The United States have such other and further relief, at law or in equity, to which it may show itself justly entitled.

<div style="margin-left:40%;">

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

*/s/ Dimitri N. Rocha*
Dimitri N. Rocha
Assistant United States Attorney
Florida State Bar No. 693332
1100 Commerce Street, Third Floor
Dallas, TX 75242-1699
Telephone: 214-659-8650
Facsimile: 214-659-8803
Dimitri.Rocha@usdoj.gov
ATTORNEYS FOR PLAINTIFF

</div>

Dated: 6/21/2023

**United States' Complaint for Forfeiture – Page 12**

## <u>VERIFICATION OF COMPLAINT</u>

I, Anthony Gasperoni, am a Special Agent with the Drug Enforcement Administration, and I have been assigned to assist in the forfeiture of the defendant property.  I have read the foregoing Complaint for Forfeiture and know its contents.  The information contained in the Complaint for Forfeiture has been furnished from official government sources and, based on my information and belief, the allegations contained in the Complaint are true and correct.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June _21__, 2023

*SA A. Gasperoni*
------------------------------------
Anthony Gasperoni
Special Agent
Drug Enforcement Administration